UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RONALD P. DAVENPORT,

                Plaintiff,

  -against-

HARRY BELAFONTE, JR., and
GENA FERGURSON;

                Defendants.
-----------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
17-CV-4624 (PKC)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Ronald P. Davenport, currently incarcerated at the California State Prison, Solano, located in Vacaville, California, filed this *pro se* action on July 31, 2017, and alleges jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1332. The Court grants Plaintiff's petition to proceed *in forma pauperis* for purposes of this order. For the reasons stated below, the Complaint (Dkt. 1) is dismissed under 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction and because it fails to state a claim on which relief may be granted.

## BACKGROUND[1]

      Plaintiff is 68 years' old and has spent approximately 38 years incarcerated in California prisons. (Compl. at 2.) Plaintiff alleges that Defendant Harry Belafonte, Jr., the actor and singer, is his biological father. (Compl. at 2-3.) Plaintiff alleges that Defendant Belafonte assaulted him with a knife in September 1971, more than 46 years ago, causing serious injuries and other long-lasting consequences throughout Plaintiff's life. (Compl. at 5-11.) The Complaint also names "Gena Fergurson, Author," as a defendant. The Complaint alleges that Defendant Fergurson wrote

---

[1] The Court draws all relevant allegations, taken as true pursuant to Federal Rule of Civil Procedure 12, from Plaintiff's Amended Complaint (Dkt. No. 6). *See EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014) ("[W]e accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.").

a book titled "Harry Belafonte" (Compl. at 2), but the Complaint does not contain any other factual allegations as to Defendant Fergurson. The Complaint alleges that Defendant Belafonte is a resident of the State of New York and Defendant Fergurson is a resident of the State of California.

**LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To state a claim on which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and that the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010).

**DISCUSSION**

Although the Complaint is not a model of clarity, Plaintiff appears to allege two theories for recovering money damages from Defendant Belafonte. First, Plaintiff appears to seek to establish paternity as to Defendant Belafonte, seemingly in order to recover money from Belafonte based on that supposed parent-child relationship. (Compl. at 4; Exhibits to Compl., Dkt. 1 at ECF 27-28.) Second, Plaintiff alleges that Belafonte assaulted him with a knife in September 1971, more than 46 years ago, causing serious injuries and other long-lasting consequences throughout Plaintiff's life. (Compl. at 5-11.)

As to Plaintiff's first theory of recovery, the Court lacks subject matter jurisdiction to consider Plaintiff's request for a determination of paternity as to Belafonte. In general, under the "domestic relations exception" to subject matter jurisdiction, a district court does not have jurisdiction to consider "cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *accord Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir.1990). The domestic relations exception also extends to actions seeking to establish paternity. *See Keane v. Keane*, 549 F. App'x 54, 55 (2d Cir. 2014) ("[I]t may be appropriate for courts to abstain from exercising subject matter jurisdiction 'in a case involving elements of the domestic relationship even when the parties do not seek divorce, alimony, or child custody.'" (quoting *Ankenbrandt*, 504 U.S. at 705)); *see also Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968) ("[T]he federal courts have no jurisdiction of suits to establish paternity and child support."); *Lonmen v. McIntyre*, 125 F. App'x 655, 658 (6th Cir. 2005) ("[M]atters of paternity are for the state courts.").

As to Plaintiff's second theory of recovery, the Court finds that Plaintiff has failed to state a claim against any Defendant under 42 U.S.C. § 1983. To state a claim under 42 U.S.C.

§ 1983, a plaintiff must allege that the challenged conduct (1) was "committed by a person acting under color of state law," and (2) "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)). Here, the Complaint does not allege that Defendant Belafonte acted "under color of state law" when he supposedly assaulted Plaintiff in September 1971. Plaintiff therefore fails to state a claim under 42 U.S.C. § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks omitted)).

Bereft of a cognizable claim under 42 U.S.C. § 1983, the Complaint alleges, in essence, an intentional tort by Defendant Belafonte that occurred in September 1971, over 46 years before Plaintiff filed this action. Plaintiff appears to invoke the diversity statute, 28 U.S.C. § 1332, to establish federal jurisdiction over this claim. (Compl. at 1-2.) However, the diversity statute does not apply in this action, because Plaintiff and Defendant Fergurson are both residents of the State of California. *See Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) ("Diversity jurisdiction exists over civil actions where the matter in controversy exceeds [$75,000] . . . and is between . . . citizens of different states," which means "there must be complete diversity, *i.e.*, that each plaintiff's citizenship must be different from the citizenship of each defendant."). Accordingly, the Court lacks subject matter jurisdiction to consider Plaintiff's alleged tort claim against Defendant Belafonte based on the events of September 1971.

Finally, the Court finds that Plaintiff has failed to state any claim against Defendant Fergurson. Other than stating that Defendant Fergurson wrote a book about Defendant Belafonte

and lives in the State of California, the Complaint does not allege any facts concerning Ferguson. Thus, the Complaint does not include "enough facts to state a claim to relief that is plausible on its face" as to her. *Twombly*, 550 U.S. at 570.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Order. The Court also notes that, to the extent Plaintiff files an amended complaint that qualifies for subject matter jurisdiction, the Court would then consider, among other things, whether Plaintiff's claims based on events in September 1971 are timely under the applicable statutes of limitation. *See Walters v. Indus. & Comm. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[A]lthough the statute of limitations is ordinarily an affirmative defense[,] . . . district courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (quotation marks and citation omitted)).

## CONCLUSION

For the reasons stated above, the Complaint is dismissed for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Order. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this order. If Plaintiff fails to file an amended complaint within 30 days, the Complaint will be dismissed and judgment shall enter. No summonses shall issue at this time, and all further proceedings shall be stayed for 30 days. The court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
      December 18, 2017