UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
RONALD P. DAVENPORT,

                Plaintiff,

       -against-

HARRY BELAFONTE, JR.

                Defendant.
-----------------------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
17-CV-4624 (PKC)

PAMELA K. CHEN, United States District Judge:

By order dated December 18, 2017, the Court granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismissed the action for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff was, however, granted leave to amend his complaint in order to allege a basis for the exercise of the Court's subject matter jurisdiction. The Amended Complaint received by the Court on February 1, 2018 (Am. Compl., Dkt. No. 9) was reviewed for sufficiency. For the reasons stated below, the Amended Complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff alleges that Harry Belafonte, the actor and singer, is his biological father. (Am. Compl. at 2). It appears that Plaintiff is seeking to establish paternity in order to conclusively determine that Defendant Belafonte is his father. (Am. Compl. at 2-3.) Plaintiff alleges jurisdiction pursuant to 42 U.S.C. § 1983 and alleges that Defendant Belafonte violated his constitutional rights under the Eighth Amendment. (*Id.* at 3.) Plaintiff seeks injunctive and declaratory relief and monetary damages. (*Id.* at 4-5.)

1

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Moreover, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus,* 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

To the extent that Plaintiff seeks to establish paternity in order to recover money damages against Defendant based on an alleged parent-child relationship, the Court lacks subject matter jurisdiction over his claim. *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434

(2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). In general, under the "domestic relations exception" to subject matter jurisdiction, a district court does not have jurisdiction to consider "cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *accord Am. Airlines, Inc. v. Block,* 905 F.2d 12, 14 (2d Cir.1990). The domestic relations exception also extends to actions seeking to establish paternity. *See Keane v. Keane*, 549 F. App'x 54, 55 (2d Cir. 2014) ("[I]t may be appropriate for courts to abstain from exercising subject matter jurisdiction 'in a case involving elements of the domestic relationship even when the parties do not seek divorce, alimony, or child custody.'" (quoting *Ankenbrandt*, 504 U.S. at 705)); *Davenport v. Belafonte,* No. 17-CV-4624, 2017 WL 6459474, at *2 (E.D.N.Y. Dec. 18, 2017) (court lacks jurisdiction over paternity claim).

To the extent that Plaintiff's Amended Complaint seeks to assert a § 1983 claim and alleges that Defendant violated his Eighth Amendment right to be free of cruel and unusual punishment, his claim fails.[1] (Am. Compl. at 3). In order to sustain a claim for relief under Section 1983, Plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell,* 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)); *Nguyen v. Milliken*, 104 F. Supp. 3d 224, 230 (E.D.N.Y. 2015).

---

[1] Plaintiff is advised that if he wishes to bring a 42 U.S.C. § 1983 action based on the conditions of his confinement, he must file any such action in the federal district court where he is incarcerated.

3

Private conduct is generally beyond the reach of § 1983. *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted); *cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974)); *Ciambriello v. County of Nassau.* 292 F.3d 307, 323 (2d Cir. 2002). Plaintiff's § 1983 claim lacks plausible allegations of state action as Defendant Belafonte is a private individual whose alleged conduct is not attributable to the State, and Plaintiff has failed to allege otherwise. As a result, Plaintiff may not maintain a § 1983 action against Defendant.

## CONCLUSION

Accordingly, Plaintiff's Amended Complaint filed *in forma pauperis* is dismissed for lack of subject matter jurisdiction and for failure to state a claim. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to enter judgment dismissing the action in its entirety. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: March 1, 2018
      Brooklyn, New York